UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS L D'AQUIN                                          CIVIL ACTION

VERSUS                                                   NO. 25-2115

EBAY, INC.*, et al.*                                     SECTION M

## **ORDER**

Before the Court are *pro se* plaintiff Thomas L. d'Aquin's objections[1] to the magistrate judge's Report and Recommendation ("R&R"),[2] which recommends that d'Aquin's lawsuit be dismissed for lack of subject-matter jurisdiction.  Having reviewed d'Aquin's objections, the magistrate judge's R&R, d'Aquin's amended complaint,[3] the record, and the applicable law, the Court issues this Order overruling d'Aquin's objections and adopting the R&R as its opinion in the matter.

First, d'Aquin objects to the magistrate judge's finding that there is no federal subject-matter jurisdiction because the amount-in-controversy requirement is not satisfied.  However, while he claims "that the amount in controversy exceeds several million dollars," he provides only conclusory assertions of the types and amount of his damages.[4]  "When a complaint alleges an unspecified amount of damages, the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met."  *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018).  Because d'Aquin's original and amended complaints allege only an unspecified amount of damages, and the statements in d'Aquin's objections do not satisfy his burden to establish this Court's subject-matter jurisdiction, d'Aquin's

---

[1] R. Doc. 10.
[2] R. Doc. 9.
[3] R. Doc. 8.
[4] R. Doc. 10 at 1 (emphasis omitted).

first objection is without merit.

Second, d'Aquin objects to the magistrate judge's "improper factual weighing," which he says is impermissible at the jurisdictional stage.[5]   But because a plaintiff seeking to invoke "diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met," *id.*, the magistrate judge appropriately considered the unsubstantiated assertions in d'Aquin's amended complaint.

Third, d'Aquin says that because "Defendants' conduct involves interstate commerce, centralized corporate policies, and uniform representations affecting consumers nationwide," there is federal jurisdiction over his lawsuit.[6]   However, d'Aquin points to no authority for his position, and mere allegations of interstate activity are insufficient to confer federal subject-matter jurisdiction over a controversy.   As a result, d'Aquin's third objection must be overruled.

Fourth, d'Aquin seeks leave to amend his complaint.   The Fifth Circuit has recognized that "[i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of the pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).   d'Aquin has already amended his complaint in response to an order to show cause issued by the magistrate judge.[7]   Additionally, his objections to the magistrate judge's R&R do not contain sufficient evidence to carry his burden of proof on the amount-in-controversy requirement.   Because d'Aquin has already amended his

---

[5] *Id.* at 2.
[6] *Id.*
[7] R. Doc. 6.

complaint, and because the lack of evidence contained in d'Aquin's objections leads this Court to believe that any future amendments would be futile, the Court will not grant d'Aquin leave to amend his complaint.   However, d'Aquin's claims are not dismissed with prejudice, so he may bring his claims in the appropriate state forum for adjudication on the merits.

Accordingly, for the foregoing reasons,

IT IS ORDERED that d'Aquin's objections (R. Doc. 10) to the magistrate judge's R&R are OVERRULED.

IT IS FURTHER ORDERED that d'Aquin's claims are DISMISSED WITHOUT PREJUDICE to refiling in the appropriate state forum.

New Orleans, Louisiana, this 8th day of June, 2026.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE